IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE OZAN<br>6126 North Pointe Drive<br>Pepper Pike, Ohio 44124 | ) ) ) ) | CASE NO.:<br><br>JUDGE: |
| Plaintiff, | ) ) ) | **COMPLAINT FOR DAMAGES** |
| vs. | ) ) | (JURY DEMAND ENDORSED<br>HEREIN) |
| TOAST, INC.<br>c/o Corporate Creations Network, Inc.<br>119 East Court Street<br>Cincinnati, Ohio 45202 | ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff Michelle Ozan, by and through the undersigned, and as her Complaint against Defendant states and avers the following:

**PARTIES & VENUE**

1. Ozan is a former employee of Toast, Inc.
2. Ozan is a resident of Cuyahoga County, Ohio.
3. Toast is a foreign corporation that transacts business in Ohio.
4. At all times material herein, Toast was an employer, pursuant to 42 U.S.C. § 12111 (5).
5. At all times material herein, Toast was an employer, pursuant to Ohio Rev. Code § 4112.01 (A)(2).
6. At all times material herein, Ozan was Toast's employee, pursuant to 42 U.S.C. § 12111 (4).
7. At all times material herein, Ozan was Toast's employee, pursuant to Ohio Rev. Code § 4112.01 (A)(3).

8. Jurisdiction is proper over Toast pursuant to 28 U.S.C. § 1331, in that Ozan is alleging federal law claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

9. Within 300 days of the conduct alleged below, Ozan filed a charge with the Equal Employment Opportunity Commission ("EEOC"), specifically Charge No. 532-2023-02459.

10. On October 2, 2023, Ozan received a Right to Sue Letter, dismissing her EEOC charge and providing her with the right to bring the instant matter.

11. Ozan has properly exhausted her administrative remedies.

12. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

13. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

**FACTS**

14. On March 18, 2019, Toast hired Ozan as a territory account executive.

15. Toast is a restaurant point-of-sale and management system that is designed to assist restaurants in improving operations, increasing sales, and creating a better guest experience.

16. Ozan was responsible for securing sales of Toast's restaurant point-of-sale and management systems to restaurant owners and developing a pipeline for future sales to meet monthly, quarterly and annual sales targets set by Toast.

17. On August 6, 2022, Ozan was seriously injured in a motor vehicle accident.

18. As a result of the accident, Ozan suffered multiple herniated disks and spinal stenosis, necessitating significant treatment, including multiple injections, physical therapy, and surgery.
19. As a result of her injuries, Ozan is unable to sit or stand for long periods of time.
20. On August 7, 2022, Ozan notified her supervisor, Drew Winick, that she had been in a serious motor vehicle accident.
21. On December 27, 2022, Ozan notified Winick that an MRI revealed three herniated disks and spinal stenosis, and that her physicians were recommending surgery. At that time, Ozan also notified Winick that she was suffering nerve problems in her arms and fingers. Ozan additionally raised the issue of securing a standing desk, as an accommodation for her inability to be seated for prolonged periods of time.
22. On January 9, 2023, Ozan asked Winick, and later Toast, to allow her to stay in a hotel nearer a company event than that at which the company had originally booked her stay, informing Winick and Toast that the additional distance of the original hotel necessitated additional time walking and carrying supplies, which she could not do because of her medical condition.
23. On January 23, 2023, Ozan informed her next level supervisor, Lindsey Shidlovsky, of her diagnoses, prognosis, and the difficulties that her medical condition was creating, as she attempted to balance her workload and rehabilitation.
24. When Ozan informed Shidlovsky of the difficulties that her medical condition was creating in her work life, Shidlovsky suggested Ozan take a medical leave of absence.

25. In or around February 2023, Toast instructed employees to participate in a training module that instructed employees to stop DocuSigning for customers. That training module was to be completed by March 1, 2023.

26. On March 8, 2023, Ozan informed Winick that she would have to send a customer contract amendment later in the day, as opposed to that morning, because she had medical appointments that morning.

27. On March 14, 2023, Ozan was instructed to stop signing for customers immediately.

28. On March 16, 2023, Shidlovsky contacted Toast HR and reported that Ozan had allegedly violated Toast policies regarding the reporting and handling of sales.

29. On the same day that Shidlovsky contacted Toast HR, an unnamed Toast employee allegedly contacted Toast HR to report that Ozan was inappropriately creating fake accounts in Toast's customer management platform in an effort to make her productivity seem greater than it actually was.

30. Upon information and belief, other employees were not told to stop DocuSigning on behalf of customers until March 22, 2023.

31. On or about March 24, 2023, Toast terminated Ozan.

32. Ostensibly, Toast terminated Ozan because she was DocuSigning on behalf of customers and because she was "churning" deals.

33. In reality, Ozan's direct supervisor had authorized the procedure that Toast later categorized as "churning" and no other employee was punished for DocuSigning on behalf of customers, a long employed practice at Toast.

34. Toast terminated Ozan as a result of her disability, because it regarded her as disabled, and/or because Ozan requested reasonable accommodations for her disability.

35. Toast terminated Ozan in contravention of the Americans with Disabilities Act.

36. As a direct and proximate result of Toast's unlawful conduct, Ozan has suffered, and will continue to suffer, damages.

### COUNT I: DISCRIMINATION IN VIOLATION OF THE ADA AND OHIO REV. CODE § 4112

37. Ozan realleges all prior paragraphs of this Complaint.

38. At all times material herein, Ozan was qualified for the position she held at Toast.

39. Toast terminated Ozan because of her disability.

40. Alternatively, Toast terminated Ozan because of Toast's perception that Ozan was disabled.

41. Alternatively, Toast terminated Ozan in retaliation for Ozan's requested accommodations.

42. Toast's termination of Ozan was in contravention of 42 U.S.C. § 12112 (a) and Ohio Rev. Code § 4112.

43. As a direct and proximate result of Toast's unlawful conduct, Ozan has suffered and will continue to suffer damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michelle Ozan respectfully requests that this Honorable Court grant the following relief:

1. An order requiring Toast to retroactively restore Ozan to one of the positions to which she was entitled by virtue of her service and qualifications, and expunge her personnel file of all negative documentation;

2. An award against Toast of damages to compensate Ozan for back pay, front pay, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim;

3.     An award of punitive damages against Toast in an amount in excess of $25,000;

4.     An award of reasonable attorney's fees and costs for Ozan's claims as allowable and/or required under law;

5.     Any award of other relief that this Court may deem necessary and proper.

                              Respectfully submitted,

                              *s/ Peter C. Mapley*
                              Peter C. Mapley (0092359)
                              **SOBEL, WADE & MAPLEY, LLC**
                              65 Erieview Plaza, #610
                              Cleveland, Ohio 44114
                              (216) 223-7213
                              mapley@swmlawfirm.com

                              *Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Michelle Ozan demands a trial by jury by the maximum number of jurors permitted.

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)